UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUOIA SALES, INC., <br><br> Plaintiff, <br> vs. <br><br> LIM'S PRODUCE, INC.; MARC LIM, <br><br> Defendants. | Case No.: 3:16-cv-878 JCS <br><br> **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** <br><br> **[FRCP Rule 65]** |
| CHICK'S PRODUCE, INC., a corporation; DEL-FRESH PRODUCE, INC., a corporation, <br><br> Intervening-Plaintiffs, <br> vs. <br><br> LIM'S PRODUCE, INC., a corporation; MARC Y. LIM, an individual, <br><br> Defendants. | |

///

///

///

1

After review of the Complaint in Intervention of Intervening Plaintiffs CHICK'S PRODUCE INC. and DEL-FRESH PRODUCE, INC. ("Intervening Plaintiffs"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Intervening Plaintiffs' Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, as well as the Defendants' Opposition to the Issuance of a Temporary Restraining Order, and the Arguments Submitted by Defendants and Intervening Plaintiffs with respect to the scope of the automatic stay resulting from the Chapter 7 Bankruptcy Petition filed by Defendant Marc Young Lim on April 26, 2016, it appears to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause as to Defendant Lim's Produce, Inc. ("Lim's Produce") only.

IT IS HEREBY ORDERED that Lim's Produce appear in Courtroom G of the U.S. District Court for the Northern District of California, San Francisco, CA 94102 on May 13, 2016 at 2:00 p.m., or as soon thereafter as the matter may be heard, then and there to show cause why Lim's Produce, or anyone acting on behalf of or in concert with Lim's Produce, should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Intervening Plaintiffs' beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, *et seq.*];

Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

2

IT IS FURTHER ORDERED that Defendant Lim's Produce appear at the same time and place to show cause why Lim's Produce and any persons acting on its behalf should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $939,355.50 in PACA Trust principal owing to Intervening Plaintiffs, consisting of $895,957.50 due to Chick's and $43,398.00 due to Del-Fresh, plus filing fees of $400.00 as of the date hereof.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendant Lim's Produce and anyone acting on behalf of or in concert with Lim's Produce shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e, *et seq.*] trust assets, from any accounts in the name of Lim's Produce to the extent that there has not been a valid transfer of ownership of those accounts to Marc Lim.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendant Lim's Produce and anyone acting on behalf of or in concert with Lim's Produce, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Intervening Plaintiffs' beneficiary interests in the trust assets;

Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that no bond shall be required to be posted by Intervening Plaintiffs before the Temporary Restraining Order is effective.

IT IS FURTHER ORDERED that Intervening Plaintiffs shall serve Defendant Lim's Produce with copies of this Order and all pleadings and other papers in support of

the Order on or before May 2, 2016 by Federal Express with verification of receipt. Defendant Lim's Produce shall file an Opposition, if any, to the Order to Show Cause on or before May 4, 2016, and shall personally serve Intervening Plaintiffs' counsel with a copy of said Opposition by said deadline. Intervening Plaintiffs shall file and serve a Reply to Defendant's Opposition, if any, on or before May 9, 2016.

In their briefs, the parties should address the question of why the Bankruptcy Court cannot afford adequate interim relief to Intervening Plaintiffs in light of the fact that: 1) Lim's Produce has purportedly transferred all of its assets and liabilities to Marc Lim; 2) the Bankruptcy Court has concurrent jurisdiction over claims under PACA, *see Southland + Keystone v. Official PACA Creditors' Committee*, 132. B.R. 632, 638 (BAP 9th Cir. 1991); and 3) the Bankruptcy Court is equipped to handle disputes relating to whether specific assets are subject to a PACA trust or, alternatively, part of the estate, under Rule 7001 of the Federal Rules of Bankruptcy. The parties need not repeat arguments that have been made in the briefs that were filed in connection with the instant motion but are not prohibited from revisiting those issues if they believe additional explanation of their positions will be helpful to the Court.

In addition, a **case management conference** is set for **May 13, 2016 at 2:00 p.m.** All parties in this case except the Debtor in the Bankruptcy Case, Marc Lim, are required to appear and shall file one week in advance a joint case management statement addressing the implications for this case of the mandatory bankruptcy stay as to the individual defendant in light of the purported assignment of all of the corporate entity's assets to Mr. Lim.

DATED: April 29, 2016

_____
HON. JOSEPH C. SPERO
MAGISTRATE JUDGE
U.S. DISTRICT COURT